Filed: 4/24/2023 6:25 PM
Michael Gould
District Clerk
Collin County, Texas
By Tatiana Ortega Deputy
Envelope ID: 74971247

CAUSE NO. 296-02039-2023

| | |
|---|---|
| SHANNON TORRES,<br>JESSE TORRES,<br>AND THE ESTATE OF<br>BRENDAN TORRES<br>*Plaintiffs,* | COLLIN COUNTY DISTRICT COURT |
| v. | ____ JUDICIAL DISTRICT |
| ANTHONY MINNAAR,<br>RD TRANS, LLC,<br>ARL LOGISTICS, LLC,<br>TILI LOGISTICS COPORATION,<br>J.B. HUNT TRANSPORT, INC.<br>*Defendants.* | COLLIN COUNTY, TEXAS |

## PLAINTIFFS ORIGINAL PETITION

Plaintiffs, Shannon Torres, Jesse Torres, and the estate of Brendan Torres, (hereinafter collectively referred to as Plaintiffs), are filing this Original Petition against defendants, Anthony Minnaar, RD Trans, LLC, ARL Logistics, LLC, TILI Logistics Corporation, and JB Hunt Transport, Inc and alleges as follows:

## DISCOVERY

1. Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiffs intend to conduct discovery in this case under level 3 (Rule 190.4 Texas Rules of Civil Procedure).

## PARTIES

2. Defendant Anthony Minnaar (hereinafter referred to as "Minnaar") is an individual who resides in the State of Texas. At all times relevant to this claim, Defendant Minnaar conducted business in Texas. Defendant Minnaar may be served with process at 6130 Alma Rd., Apartment 513, McKinney, Texas 75070, or wherever he may be found. **CITATION REQUESTED.**

3. Defendant RD Trans, LLC (hereinafter referred to as "RD Trans") is a foreign corporation conducting business in this state before, during, and after the incident in question. As a result of these intentional, substantial, continuous, and systematic contacts within Texas, this Court has personal jurisdiction over Defendant RD Trans as to all claims arising from those contacts. Defendant RD Trans has no registered agent in this state. RD Trans may be served through its registered agent for service of process DAVRONBEK NOSIROV, 7753 BOWERY DRIVE, WINTER GARDEN, FL 34787. **CITATION REQUESTED.**

4. Defendant ARL Logistics, LLC (hereinafter referred to as "ARL Logistics") is a foreign corporation conducting business in this state before, during, and after the incident in question. As a result of these intentional, substantial, continuous, and systematic contacts within Texas, this Court has personal jurisdiction over Defendant ARL Logistics as to all claims arising from those contacts. Service of process may be sent to Defendant ARL Logistics registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware 19808. **CITATION REQUESTED.**

5. Defendant TILI Logistics Corporation (hereinafter referred to as "TILI") is a foreign corporation conducting business in this state before, during, and after the incident in question. As a result of these intentional, substantial, continuous, and systematic contacts within Texas, this Court has personal jurisdiction over Defendant TILI as to all claims arising from those contacts. Defendant TILI has no registered agent in this state. TILI may be served through its registered agent for service of process SERGIO CASAS-SILVA, 9920 SIEMPRE VIVA RD, SAN DIEGO, CA 92154. **CITATION REQUESTED.**

6. Defendant JB Hunt Transport, Inc. (hereinafter referred to as "JB Hunt") is a foreign corporation conducting business in this state before, during, and after the incident in question. As a result of these intentional, substantial, continuous, and systematic contacts within Texas, this Court has personal jurisdiction over Defendant JB Hunt as to all claims arising from those contacts. JB Hunt may be served through its registered agent for service of process CORPORATION SERVICE COMPANY D/B/A +, 211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701-3218. **CITATION REQUESTED.**

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over all the parties. All the parties are: individual residents of the State of Texas, are located in the State of Texas, have sufficient minimum contacts with the State of Texas, or have purposefully availed themselves of the laws and markets of the State of Texas so as to not offend traditional notions of fair play and substantial justice.

8. This Court is the proper venue to hear this lawsuit pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a)(2) because the Defendant, Anthony Minnaar, is domiciled in Collin County, Texas.

9. The amount of the Plaintiffs' damages are substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damage is peculiarly within the province of the jury. Plaintiffs do not at this time seek any certain amount of damages for any of these particular elements of damage but would instead rely upon the collective wisdom of the jury to

determine an amount that would fairly compensate Plaintiffs and hold Defendants accountable for their conduct. However, to comply with the pleading requirements of TEX. R. CIV. P. 47, Plaintiffs plead that they seek monetary relief over $1,000,000. Plaintiffs also seek judgment for all other relief to which Plaintiffs are entitled.

## FACTS

10. Born on June 10, 2003, to Jesse and Shannon Torres in Dalhart, Texas, Brendan Torres at just 19-years-old was already a pillar of strength in his community.

11. In high school, Brendan proved himself to be an exceedingly bright student, and after his graduation in May of 2022, he followed in the footsteps of his older brother Devin, and bravely volunteered to be a member of the Dalhart Volunteer Fire Department. Moreover, Brendan continued to dedicate himself and pursued further academic success. On October 3, 2022, he received a full-ride scholarship to attend Frank Phillips College, where he planned to master the fundamentals of the industrial welding process. However, on October 4, 2022, only one day removed from receiving his scholarship, tragedy struck.

12. On October 4, 2022, in the late hours of the night, Brendan Torres and Fire Chief, Curtis Brown were going back to the Fire Station after receiving a fire call. Brendan was in the front passenger seat; Curtis Brown was driving a fire departments emergency vehicle. They were in a 2018 Chevy Tahoe, Fire Department vehicle and were traveling southwest on Highway 54 in Dallam County, Texas. At the same time, Minnaar was traveling northeast on Highway 54 near mile marker 282 in a 2020 Volvo Tractor owned by Defendant RD Trans and was hauling chassis trailers owned by JB Hunt. Highway 54 is a two-lane, undivided road at the location of the incident in question. Minnaar attempted to unlawfully pass an unknown tractor trailer which was also headed northeast. Minnaar entered the southwest lane of travel. Minnaar failed to yield or otherwise effectively attempt to avoid the collision, and as a result, the two vehicles collided head-on, killing both Brendan Torres and Curtis Brown.

13. At all times relevant to this collision, Defendant Minnaar was hauling a load for the benefit of Defendants RD Trans, ARL Logistics, TILI, and JB Hunt. Additionally, Defendants RD Trans, ARL Logistics, TILI, and JB Hunt were controlling the work being performed by Defendant Minnaar.

## CAUSES OF ACTION

### Negligence

14. Defendant Minnaar had a duty to act as a reasonably prudent person while driving the semi-tractor and towing a trailer on the night of October 4, 2022. Brendan Torres's injuries and death were caused by Defendant Minnaar's negligent, careless,

and reckless disregard of said duty. Defendant Minnaar's breach of this duty consisted of, but is not limited to, the following acts and omissions:

   a. failing to keep a proper lookout;

   b. failing to control his speed;

   c. failing to remain alert and pay proper attention;

   d. driving carelessly;

   e. failing to control his vehicle;

   f. failing to drive in his proper lane of the road;

   g. failing to yield the right of way;

   h. failing to take proper evasive action; and

   i. failing to avoid a collision with the fire department vehicle.

### Negligence per se

15. The Texas Administrative Code and Texas Traffic Laws apply to semi-tractors and towed trailers operating within the State of Texas.

16. At the time of the aforesaid improper driving there were in force and effect Texas State Statutes that were violated by Defendant Minnaar including but not limited to the following:

   a. Under the Texas Transportation Code § 545.051 an operator on a roadway of sufficient width shall drive on the right half of the roadway, unless:

      1. the operator is lawfully passing another vehicle;

      2. an obstruction necessitates moving the vehicle left of the center of the roadway and the operator yields the right-of-way to a vehicle that:

         (A) is moving in the proper direction on the unobstructed portion of the roadway; and

         (B) is an immediate hazard;

      3. the operator is on a roadway divided into three marked lanes for traffic; or

        4. the operator is on a roadway restricted to one-way traffic.

   b. Under the Texas Transportation Code § 545.052 an operator of a moving vehicle in the opposite direction of the movement of another operator:

        1. Move to or remain in the right; and

        2. On a roadway wide enough for not more than one line of vehicle movement in each direction, give the other operator:

           (A) At least one-half of the main traveled portion of the roadway; or

           (B) If complying with Paragraph (a) is not possible, as much of the roadway as possible.

   c. Under the Texas Transportation Code § 545.053 an operator passing another vehicle:

        1. Shall pass to the left of the other vehicle being passed at a safe distance.

   d. Under the Texas Transportation Code § 545.054 an operator may not drive on the left side of the center of the roadway in passing another vehicle unless:

        1. The left side is clearly visible and free of approaching traffic for a distance sufficient to permit passing without interfering with the operation of the passed vehicle or vehicle approaching from the opposite direction.

   e. Under Texas Transportation Code § 545.401 a person may not drive a vehicle in willful or wanton disregard for the safety of persons or property including passengers.

   f. Under The Texas Penal Code § 19.05 a person commits an offense if he causes the death of an individual by criminal negligence.

17. These state regulations are designed to protect a class of person, to which the deceased Brendan Torres belonged, against the type of injury suffered, at the hands of Minnaar.

18. As a result of these defendants' breach of these legally imposed duties, plaintiffs suffered actual damages and death.

**_Respondeat Superior_ of Defendants RD Trans, ARL Logistics, TILI, and JB Hunt**

19. Vicarious liability for Plaintiffs' injuries and damages attaches to Defendants RD Trans, ARL Logistics, TILI, and JB Hunt through *respondeat superior* in the following respects:

    a. Defendant Minnaar was an employee of Defendants RD Trans, ARL Logistics, TILI, and JB Hunt at the time of the incident;

    b. Defendant Minnaar was working in the course and scope of his employment at the time of the incident;

    c. Defendant Minnaar was acting in furtherance of Defendants RD Trans, ARL Logistics, TILI, and JB Hunt's business at the time of the incident;

    d. Defendant Minnaar was working for the accomplishment of the object for which he was hired; and

    e. Defendant Minnaar's negligence is a proximate cause of Plaintiffs' injuries and damages.

20. Additionally, a fiduciary relationship existed between the Defendants which resulted from the manifestation of consent by Defendants ARL Logistics, TILI, and JB Hunt to Defendant RD Trans and Defendant Minnaar that Defendant RD Trans and Defendant Minnaar act on behalf of Defendants ARL Logistics, TILI, and JB Hunt and subject to their control. Specifically, Defendants ARL Logistics, TILI, and JB Hunt authorized Defendant RD Trans and Defendant Minnaar to act under the control and on behalf of Defendants ARL Logistics, TILI, and JB Hunt.

**Negligent Entrustment, Hiring, Supervision, Training and Retention by Defendants RD Trans, ARL Logistics, TILI, and JB Hunt**

21. The conduct of Defendants RD Trans, ARL Logistics, TILI, and JB Hunt constitutes negligence in many respects, including but not limited to the following:

    a. Defendants failed to safely entrust their semi-tractor, equipment, and trailer to a competent employee;

    b. Defendants failed to hire, supervise, and train competent employees;

    c. Defendants failed to retain competent employees; and

    d. Defendants failed to fire incompetent or dangerous employees.

22. Each of the foregoing acts or omissions of Defendants RD Trans, ARL Logistics, TILI, and JB Hunt singularly or in combination with others, constituted negligence which was a proximate cause of the above-referenced occurrence and Plaintiffs' injuries and damages.

### Negligent Selection by Defendants ARL Logistics, TILI, and JB Hunt

23. Defendants ARL Logistics, TILI, and JB Hunt selected Defendant Minnaar as a driver and Defendant RD Trans as a motor carrier and had a duty to exercise ordinary care in the selection of a driver and motor carrier but failed to do so. Specifically, Defendants ARL Logistics, TILI, and JB Hunt failed to exercise ordinary care in, among other things, selecting, hiring, screening, training, supervising, managing, monitoring, and retaining Defendant Minnaar and Defendant RD Trans and entrusting them with the load which RD Trans was carrying at the time of this incident, thereby causing the collision, injuries, death, and damages to Plaintiffs made the basis of this suit. Defendants ARL Logistics, TILI, and JB Hunt knew or should have known that Defendant Minnaar and Defendant RD Trans were not competent and careful and were otherwise unfit for the transportation job.

### GROSS NEGLIGENCE

24. Brenden Torres's death resulted from Defendants' gross negligence, which entitles Plaintiffs to exemplary damages under Texas Civil Practices & Remedies Code, Section 41.003(a). Defendants' conduct, described in this petition, when viewed objectively from Defendants' standpoint at the time it occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of the risk but proceeded anyway with a conscious indifference to the rights, safety, or welfare of others. The wreck and the resulting injuries and damages suffered by Plaintiffs were proximately caused by the grossly negligent conduct of Defendants.

### DAMAGES

25. Plaintiff's Jesse and Shannon Torres have suffered mental anguish as a result of their son's (Brendan Torres) wrongful death at the hands of the defendants. Plaintiffs suffered a severe loss associated with the death of their son, Brendan Torres, including the loss of the positive benefits flowing from the love, comfort, companionship, and friendship from their son Brendan Torres.

### ATTORNEY FEES

26. Plaintiffs request attorney's fees.

### NOTICE OF EMAIL ADDRESS

27. NOTICE IS HEREBY GIVEN THAT THE ONLY EMAIL ADDRESS THAT WILL BE MONITORED OR RESPONDED TO IN THE ABOVE NUMBERED AND CAPTIONED LAWSUIT IS COURTDOCUMENTS@MOSSERLAW.COM NO PERSONAL EMAIL ADDRESS WILL BE MONITORED OR RESPONDED TO.

## OBJECTION TO ASSOCIATE JUDGE and SUBMISSION

28. Plaintiff objects to the referral of this case to an associate judge for any hearing, or any trial or presiding at a jury trial as allowed by Tex. Gov't. Code. § 54(A).108(b).

29. Plaintiff objects to any hearing or trial by submission except as specifically permitted by the Texas Rules of Civil Procedure or the Civil Practice and Remedies Code or applicable statute and the Texas Constitution.

## REQUEST FOR A COURT REPORTER

30. Plaintiff's requests the court to require a court reporter at any conference, hearing or trial, or Court activity.

31. Under Texas Government Code § 52.046. General Powers and Duties Defendants request, an official court reporter TO:

    a. Attend all sessions;

    b. Take full shorthand notes of oral testimony offered before the court, including objections made to the admissibility of evidence, court rulings and remarks on the objections, and exceptions to the rulings;

    c. Take full shorthand notes of closing arguments, including objections to the arguments, court rulings and remarks on the objections, and exceptions to the rulings;

    d. Take full shorthand notes of any oral motion made in the court, including objections to the arguments, court ruling and remarks on the objections, and exceptions to the ruling;

    e. Preserve the notes for future reference for three years from the date on which they were taken; and

    f. Furnish a transcript of the reported evidence or other proceedings, in whole or in part, as provided by the chapter upon request by any party for the transcript.

## PRAYER

32. Plaintiffs respectfully request Defendants be cited to appear and answer and that upon final trial by jury, Plaintiffs recover against Defendants the following:

    a. Compensatory damages and punitive damages as set forth above;

    b. Pre-judgment and post-judgment interest as allowed by law;

   c. Costs of court and attorney fees; and

   d. Such other, further, and different relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted, MOSSER LAW PLLC.

By: /s/ James C. Mosser
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Jacob R. Barfield
Texas Bar No. 24129303
Email: courtdocuments@mosserlaw.com
8100 Dallas Parkway Suite 115A
Plano, Texas 75024
Tel. (972) 733-3223

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jacob Barfield on behalf of James Mosser
Bar No. 00789784
courtdocuments3@mosserlaw.com
Envelope ID: 74971247
Filing Code Description: Plaintiff's Original Petition (OCA)
Filing Description: Plaintiffs Original Petition
Status as of 4/25/2023 9:32 AM CST

Associated Case Party: Shannon Torres

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| James C.Mosser | | courtdocuments@mosserlaw.com | 4/24/2023 6:25:04 PM | SENT |