UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SHANNON TORRES, ET AL. | § § | |
| v. | § § | CIVIL NO. 4:23-CV-486-SDJ |
| ANTHONY MINNAAR, ET AL. | § § | |

## MEMORANDUM OPINION AND ORDER

In the late hours of October 4, 2022, Brandon Torres, a 19-year-old volunteer firefighter serving in the Texas Panhandle Volunteer Fire Department, was returning to his station with his fire chief, Curtis Brown. Anthony Minaar was traveling in the opposite direction on Texas Highway 54, driving a semi-tractor and towing a trailer. Minaar entered the oncoming lane of travel to pass an unknown tractor-trailer and collided head-on with Brown's vehicle, killing Torres and Brown.

Torres's parents, Shannon Torres and Jesse Torres, filed suit in Texas state court against Minaar, as well as RD Trans, ARL Logistics, LLC ("ARL"), TILI Logistics Corporation, and JB Hunt Transport, Inc. The Torres's allege that Minaar was the employee of all Defendants and assert several state-law causes of action premised on negligence, including claims of negligence per se, negligent entrustment, negligent hiring, and gross negligence. The Torres's assert no federal claims.

Defendant ARL filed a notice of removal, maintaining that this Court has federal question jurisdiction under 28 U.S.C. § 1331. The Torres's challenge the propriety of removal and seek remand, contending that federal question jurisdiction

is absent because there is no federal claim raised in their complaint and no other legitimate ground asserted for jurisdiction under 28 U.S.C. § 1331.

ARL resists remand, maintaining that this Court has federal question jurisdiction because the state-law negligence claims against ARL are completely preempted by the Federal Aviation Administration Authorization Act ("FAAAA"). Alternatively, ARL suggests that Plaintiffs' negligence claims raise a significant federal issue that creates federal jurisdiction under the *Grable* doctrine. In *Grable*, the Supreme Court recognized that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005).

Neither of ARL's arguments survives scrutiny. ARL's complete preemption argument fails because, although the FAAAA may afford a preemption defense to ARL, it does not meet the prerequisites for complete preemption and therefore cannot create federal question jurisdiction. ARL's *Grable* argument is equally unavailing. The doctrine applies only to a "special and small" category of cases, "typically a state-law claim premised on some component of federal law." *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 588 (5th Cir. 2022) (internal quotation marks and citation omitted). When, as here, the alleged "federal issue" is raised as a defense, it does not appear on the face of the Plaintiffs' complaint and *Grable* does not apply.

Because there is no basis for federal question jurisdiction, this case was improperly removed and will be remanded.

I.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). Thus, when a plaintiff sues in state court, a defendant can remove the suit to federal court under 28 U.S.C. § 1441(a) only if the plaintiff could have filed the suit in federal court under a jurisdiction-granting statute. *See, e.g., Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citing 28 U.S.C. § 1441(a)).

One such jurisdiction-granting statute is 28 U.S.C. § 1331, which gives federal courts subject-matter jurisdiction over all claims "arising under" federal law. To determine whether a claim arises under federal law, courts apply the well-pleaded complaint rule, which provides that federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 81 L.Ed. 70 (1936)). In cases removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction"—for example, if it becomes apparent that no federal question is presented on the face of the plaintiff's complaint—the federal court must remand the case to state court. 28 U.S.C. § 1447(c).

Generally, under the well-pleaded complaint rule, a case does not arise under federal law, and thus is not removable, if the complaint does not affirmatively allege a federal claim and instead asserts only state-law causes of action. *See Kramer v.*

*Smith Barney*, 80 F.3d 1080, 1082 (5th Cir. 1996) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). As the Fifth Circuit has explained, "[t]he well-pleaded complaint rule precludes a plaintiff from predicating federal jurisdiction on an anticipated federal defense to his claim." *La. Indep. Pharm. Ass'n v. Express Scripts, Inc.*, 41 F.4th 473, 478 (5th Cir. 2022). Even when a plaintiff brings state-law claims that implicate federal law, "those claims cannot alone sustain federal jurisdiction." *Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 242 (5th Cir. 2022). Likewise, a defendant cannot remove an action to federal court "unless the plaintiff pleaded a federal question on the face of his complaint." *Id.*; *see also Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) ("It is not sufficient for the federal question to be raised in the answer or in the petition for removal.").

## II.

### A.

Federal preemption "is ordinarily a federal defense to the plaintiff's suit" and, as a result, does not support federal question jurisdiction. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 1546, 95 L.Ed.2d 55 (1987); *see also Caterpillar*, 482 U.S. at 393 (explaining that it is "settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption"). Complete preemption is an exception to the well-pleaded complaint rule. It creates federal jurisdiction if Congress, by statute, "completely pre-empt[s] a particular area [such] that any civil complaint raising [the] select group of claims is necessarily federal in character." *Metro. Life Ins.*, 481 U.S. at 63–64. That happens

4

when a federal law creates an "exclusive cause of action" and "set[s] forth procedures and remedies governing that cause of action," such that it "wholly displaces the state-law cause of action." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

The scope of complete preemption is "narrow." *Manyweather*, 40 F.4th at 243. It applies only when three conditions are met. First, federal law "creates a cause of action that both replaces and protects the analogous area of state law." *Mitchell*, 28 F.4th at 585 (citation omitted). Second, Congress has empowered federal courts to hear that cause of action. *Id*. And third, Congress clearly intended that grant of jurisdiction to be exclusive. *Id*. Once those conditions are met, the party invoking federal jurisdiction must show that the plaintiff "could have brought his state-law claims under th[at] federal cause of action." *Id*. (citation omitted); *see also Manyweather*, 40 F.4th at 243 (same).

Here, ARL's primary basis for federal question jurisdiction rests on its contention that the FAAAA completely preempts the Torres's state-law negligence claims. But in all of its remand briefing, ARL fails to even reference the three, above-described conditions that must be met, under controlling Fifth Circuit precedent, in order to apply the complete preemption doctrine. *See, e.g.*, *Mitchell*, 28 F.4th at 585; *Manyweather*, 40 F.4th at 243. ARL's failure to acknowledge the conditions for application of complete preemption, much less demonstrate how the FAAAA meets those conditions as to the state-law negligence claims in this case, dooms its removal argument at the outset. "The removing party bears the burden of showing that federal

5

jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (collecting cases). Because ARL has not carried this burden, it has failed to demonstrate that removal was proper. For this reason alone, remand is warranted.

**B.**

Even if it had attempted to do so, ARL could not have demonstrated that the complete preemption doctrine applies in this case. Both the text of the FAAAA and its history confirm that the Act does not create any cause of action whatsoever, much less a civil enforcement remedy that replaces the Texas common law of negligence applicable here.

**1.**

The Court's textual analysis of the FAAAA is informed by Supreme Court precedent on complete preemption. To begin, complete preemption is vanishingly rare. The Supreme Court has applied the doctrine to confer jurisdiction in only three instances. First, in *Avco Corp. v. Machinists*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), the Court held that Section 301 of the Labor Management Relations Act ("LMRA") not only preempted state law, but also authorized removal of actions that sought relief under state law. *Id.* at 559–62. Section 301 of the LMRA, codified at 29 U.S.C. § 185, provides federal courts with jurisdiction to adjudicate certain "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." As described by the Supreme Court, "[t]he necessary ground of decision [in *Avco*] was that the pre-emptive force of § 301

6

is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd.*, 463 U.S. at 23 (internal quotation marks omitted). The Court went on to explain that "*Avco* stands for the proposition that if a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Id.* at 23–24.

Second, in *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), the Court determined that the complete preemption doctrine applied to state common-law causes of action asserting improper processing of benefit claims under a plan regulated by the Employment Retirement Income Security Act of 1974 ("ERISA"). The Court focused on Section 502(a)(1)(B) of ERISA, which provides that a civil action may be brought by an ERISA plan participant or beneficiary "to recover benefits due" under the terms of the plan, to enforce rights under the terms of the plan, or to clarify rights and future benefits under the plan. *See Metro. Life Ins.*, 481 U.S. at 64–66; *see also* 29 U.S.C. § 1132(a)(1)(B). As explained by the Court in *Beneficial*, there were two reasons for its decision in *Metropolitan Life* that complete preemption applied: (1) ERISA's statutory text not only provided an express federal remedy for the plaintiffs' claims, but also used jurisdictional language similar to the LMRA's statutory language at issue in *Avco*, "thereby indicating that the two statutes should be construed in the same way"; and (2) ERISA's legislative history "unambiguously" revealed an intent to treat claim processing actions subject to ERISA "as arising under the laws of the United States in similar fashion to those

7

brought under [Section 301 of the LMRA]." *Beneficial*, 539 U.S. at 8 (quoting *Metro. Life Ins.*, 481 U.S. at 65–66).

Finally, in *Beneficial*, the Court considered whether the National Bank Act completely preempted claims asserted in state court against a national bank for allegedly charging excessive interest in violation of "the common law usury doctrine" and an Alabama statute. 539 U.S. at 3–4. The Court noted that Section 85 of the National Bank Act provides "substantive limits on the rates of interest that national banks may charge," and Section 86 of the Act "sets forth the elements of a usury claim, provides for a 2-year statute of limitations for such a claim, and prescribes the remedies available to borrowers who are charged higher rates and the procedures governing such a claim." *Id.* at 9. The Court went on to conclude that, "[i]n actions against national banks for usury," Sections 85 and 86 of the Act "supersede both the substantive and the remedial provisions of state usury laws and create a federal remedy for overcharges that is exclusive," even when a plaintiff relies entirely on state law. *Id.* at 11.

In sum, every time the Supreme Court has applied the complete preemption doctrine, it has pointed to the text of a federal statute that (1) creates a cause of action that supersedes analogous state law, (2) authorizes federal courts to hear that cause of action, and (3) that the federal statute's grant of jurisdiction was clearly intended to be exclusive. As the Fifth Circuit has recognized, these are the prerequisites for application of the complete preemption doctrine under controlling Supreme Court precedent. *See, e.g.*, *Mitchell*, 28 F.4th at 585; *Manyweather*, 40 F.4th at 243.

8

**2.**

Contrary to ARL's contention, on its face the FAAAA fails to meet the prerequisites for complete preemption. ARL's removal of this case is premised on two preemption provisions found in the FAAAA. Specifically, ARL has invoked 49 U.S.C. § 14501(c)(1), which provides that no state may "enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). ARL also has invoked 49 U.S.C. § 14501(b)(1), which provides that no state may "enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to intrastate rates, intrastate routes, or intrastate services of any freight forwarder or broker." 49 U.S.C. § 14501(b)(1). Taken together, these FAAAA preemption provisions limit state authority to regulate prices, routes, and services of motor carriers, freight forwarders, and brokers.[1]

But state law claims that are merely subject to ordinary preemption are not recharacterized as claims arising under federal law. *See Rice v. Panchal*, 65 F.3d 637, 640 (7th Cir. 1995) (applying this principle in the context of conflict preemption). As the Fifth Circuit has explained, courts and litigants must avoid confusing complete preemption with ordinary or defensive preemption. "Complete preemption gives

---

[1] The FAAAA (Federal Aviation Administration Authorization Act of 1994, Pub. L. No. 103-305, 108 Stat. 1606), was amended by the ICCTA (Interstate Commerce Commission Termination Act of 1995, Pub. L. 104-88, 109 Stat. 899). Although Section 14501(c)(1) was enacted as part of the FAAAA and Section 14501(b)(1) as part of the ICCTA, the Court references the provisions collectively as contained in the FAAAA.

9

federal courts the power to adjudicate a case in the first place . . . while defensive preemption is an affirmative defense that a defendant can invoke to defeat a plaintiff's state-law claim on the merits by asserting the supremacy of federal law." *Mitchell*, 28 F.4th at 585 n.2 (internal quotation marks and citations omitted).[2]

And neither Section 14501(c)(1) nor Section 14501(b)(1), or for that matter any other provision of the FAAAA, creates any cause of action or federal question jurisdiction. *See generally* 49 U.S.C. § 14501. Unlike the statutory provisions of LMRA, ERISA, and the National Bank Act considered by the Supreme Court in *Avco*, *Metropolitan Life*, and *Beneficial*, the FAAAA includes no federal remedy or civil enforcement scheme, much less a scheme authorizing a cause of action that may be heard by federal courts. Because the FAAAA, including the preemption provisions cited by ARL, contains "no detailed, comprehensive civil enforcement scheme providing exclusive federal remedies," *Raaf v. UPS Ground Freight, Inc.*, No. 6:18-CV-00976-MC, 2018 WL 4609935, at *3 (D. Or. Sept. 25, 2018) (internal quotation marks and citation omitted), the statute "does not evidence Congressional intent to transfer jurisdiction over all preemption claims arising thereunder from state to federal courts," *City of Rockford v. Raymond*, No. 98 C 50353, 1999 WL 218549, at *2 (N.D. Ill. Apr. 14, 1999).

---

[2] The Court notes that ARL primarily relies on two cases in its briefing, both of which are inapposite because they address defensive preemption, not the complete preemption doctrine: *Ye v. GlobalTranz Enterprises, Inc.*, 74 F.4th 453 (7th Cir. 2023); and *Aspen Am. Ins. Co. v. Landstar Ranger*, Inc., 65 F.4th 1261 (11th Cir. 2023).

**3.**

As explained above, *see supra* Part II.B.2, the complete preemption doctrine is inapplicable here because the FAAAA's text does not create any cause of action that "both replaces and protects the analogous area of state law," *Mitchell*, 28 F.4th at 585, namely the negligence claims at issue here involving personal injuries resulting from a motor vehicle accident. The history of the FAAAA confirms this result.

The FAAAA was enacted in 1994 as part of "a greater push to deregulate interstate transportation industries." *Ye v. GlobalTranz Enterprises, Inc.*, 74 F.4th 453, 457 (7th Cir. 2023). It was preceded by the Airline Deregulation Act of 1978 ("ADA"), Pub. L. No. 95-504, 92 Stat. 1705, which largely deregulated the domestic airline industry, and by the Motor Carrier Act of 1980, Pub. L. No. 96-296, 94 Stat. 793, which extended deregulation to the trucking industry. In the FAAAA, "Congress completed the deregulation . . . by expressly preempting state trucking regulation." *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 256, 133 S.Ct. 1769, 185 L.Ed.2d 909 (2013).

Given its history as a statute extending the ADA's and the Motor Carrier Act's deregulation of transportation industries, it is unsurprising that the FAAAA contains preemptive language nearly identical to that in the ADA: "a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . with respect to the transportation of property." 49 U.S.C. § 14501(c)(1); *see id.* § 41713(b)(4)(A) (same with respect to

"air carrier or carrier affiliated with a direct air carrier through common controlling ownership when such carrier is transporting property by aircraft or by motor vehicle"). Because FAAAA Section 14501(c)(1) tracks the ADA, courts analyze the two provisions similarly. *See Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364, 370, 128 S.Ct. 989, 169 L.Ed.2d 933 (2008).[3]

Although the Fifth Circuit has not yet addressed whether the FAAAA completely preempts state law, it has addressed and rejected this argument in regard to the ADA's preemption provision, which FAAAA Section 14501(c)(1) mirrors. Specifically, the Fifth Circuit has held that the ADA's preemption clause does not provide federal question jurisdiction under the complete preemption doctrine. *See Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 925–26 (5th Cir. 1997) (explaining that the ADA's text and legislative history show "no evidence that Congress intended the federal courts to have exclusive subject matter jurisdiction over the [ADA's] preemption defenses") (quoting *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1253 (6th Cir.1996), *amended on denial of rehearing*, No. 95–5120, 1998 WL 117980 (Jan. 15, 1998)); *see also Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 232, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995) (observing that, unlike ERISA, the ADA "contains no hint" that it is intended to channel civil actions into federal courts). For the same reason, the FAAAA, which uses the same language as the ADA, does not completely preempt state law claims. *See Merrill Lynch, Pierce, Fenner & Smith Inc.*

---

[3] FAAAA Section 14501(b)(1) also tracks the language of the ADA. Accordingly, there is no reason treat it differently than Section 14501(c)(1) in this analysis.

12

*v. Dabit*, 547 U.S. 71, 85, 126 S.Ct. 1503, 164 L.Ed.2d 179 (2006) ("[W]hen judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same language in a new statute indicates, as a general matter, the intent to incorporate its judicial interpretations as well.") (internal quotation marks and alteration omitted)).

\* \* \* \*

Complete preemption occurs only when a federal statute has "extraordinary preemptive power." *Griffioen v. Cedar Rapids and Iowa City Ry. Co.*, 785 F.3d 1182, 1189 (8th Cir. 2015) (citation omitted). "The ultimate touchstone guiding preemption analysis is congressional intent." *Id.* (citation and internal quote omitted). The text and history of the FAAAA, as well as controlling Supreme Court and Fifth Circuit precedent, confirm that the Act does not support application of the complete preemption doctrine, particularly as to the state-law negligence claims at issue in this lawsuit.

### C.

ARL has also argued in the alternative that this case raises a significant federal issue that creates federal jurisdiction under the *Grable* doctrine. This argument also fails.

*Grable* stands for the proposition that, "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." 545 U.S. at 312. *Grable* applies if: "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the

13

federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *The Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 529 (5th Cir. 2020) (internal quotation marks and citations omitted). As the Fifth Circuit has observed, "[t]hese conditions are difficult to meet." *Mitchell*, 28 F.4th at 588.

The Fifth Circuit has also explained that *Grable* is applied "in the shadow of the well-pleaded complaint rule." *Id*. (citation omitted). Accordingly, courts look to the face of a plaintiff's well-pleaded complaint to determine whether the issues it raises implicate *Grable. Id*. Only a "special and small" category of cases can satisfy these requirements. *Id*. (internal quotation marks and citations omitted). "The type of claim that creates a federal question under *Grable* is typically a state-law claim premised on some component of federal law." *Id*. Thus, for example, a state-law negligence claim creates a federal question when it is premised on the existence of a duty established by federal law. *Id*.

ARL's invocation of the FAAAA's preemption provisions fails to implicate *Grable* because the relevance of these provisions is purely defensive. When a federal issue is raised "[a]s a defense, it does not appear on the face of a well-pleaded complaint." *Metro. Life Ins.*, 481 U.S. at 63 (citation omitted). Given that the federal issues asserted by ARL under the FAAAA are neither raised nor disputed on the face of the Torres's personal-injury complaint, *Grable* does not apply.[4]

---

[4] Defendant ARL contends that 28 U.S.C. § 1337, which gives federal courts original jurisdiction over "any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies," also supports removal. However, this argument fails for the same reasons discussed above.

14

**D.**

When a case is remanded, the court may order the removing party to pay "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has clarified that, absent unusual circumstances, courts may award attorney's fees under Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). This inquiry should take into consideration "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

While unsuccessful, ARL had an objectively reasonable basis for seeking removal—that the FAAAA potentially preempts the Torres's state-law claims. Therefore, the Court will not award costs or expenses to Plaintiffs.

## IV. CONCLUSION

For the foregoing reasons it is **ORDERED** that Plaintiffs' Motion to Remand, (Dkt. #15), is **GRANTED** and this action is hereby **REMANDED** to the 296th Judicial District Court of Collin County, Texas.

**So ORDERED and SIGNED this 26th day of February, 2024.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE